IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>MAGIC CITY BUILDERS, INC., et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:24-CV-3210-TWT |

**OPINION AND ORDER**

This is a declaratory judgment action. It is before the Court on Defendants Wanda Carver and Jason Van Meter's Motion to Dismiss [Doc. 23]. For the reasons set forth below, Defendants Carver and Van Meter's Motion to Dismiss [Doc. 23] is DENIED.

**I.  Background**

On July 5, 2022, Charles Ricky Carver fell from a ladder while working f[Doc. 13], ¶¶ 21, 23–24.) Carver subsequently died from his injuries. (*Id.* ¶ 21.) Following the incident, Wanda Carver and Jason Van Meter—individually and as administrators of Charles Ricky Carver's estate—filed a wrongful death action in Georgia state court against Lusk & Company, Inc. ("Lusk"), Magic City Builders, Inc. ("Magic City"), and Nelson Vegas. (*Id.* ¶ 2.) Lusk appears to be the general contractor that was operating the construction site. (*See id.* ¶¶ 24–25.) It had hired Carver's employer for electrical work and had separately hired Magic City and Vegas for wood-framing work. (*Id.* ¶¶ 24–26.)

The matter at issue in this suit is an insurance coverage dispute. Plaintiffs Owners Insurance Company and Auto-Owners Insurance Company insured Magic City and Lusk at the time of the incident. (*See id.* ¶¶ 16, 19, 40, 46.) The Plaintiffs seek a judgment declaring that the July 2022 incident is not a covered occurrence due to Magic City and Lusk's failure to timely notify them of the incident. The Court now considers Defendants Wanda Carver and Jason Van Meter's Motion to Dismiss for lack of subject-matter jurisdiction.

## II.   Legal Standard

A complaint should be dismissed under Rule 12(b)(1) only where the court lacks jurisdiction over the subject matter of the dispute. Fed. R. Civ. P. 12(b)(1). Attacks on subject matter jurisdiction come in two forms: "facial attacks" and "factual attacks." *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260 (11th Cir. 1997). Facial attacks on the complaint "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1261 (quotation marks, citation, and brackets omitted). On a facial attack, therefore, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. May 1981). "Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the

2

pleadings, such as testimony and affidavits, are considered." *Garcia*, 104 F.3d at 1261 (quotation marks omitted). On a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Scarfo v. Ginsberg*, 175 F.3d 957, 960–61 (11th Cir. 1999) (quotation marks and citation omitted).

### III. Discussion

Diversity jurisdiction exists when the amount in controversy exceeds $75,000 and there is complete diversity among the parties. 28 U.S.C. § 1332(a). The Defendants Carver and Van Meter take issue with the amount in controversy but do not dispute the complete diversity of the parties.[1] In a declaratory judgment action, "the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (quoting *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)). A plaintiff typically satisfies the amount-in-controversy requirement by pleading "a sufficient sum in good faith." *Id.* (citing *St. Paul Mercury Indem. Co v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). But at least two caveats exist. First, where a plaintiff pleads a specific amount of damages but it "appears to a legal

---

[1] Having independently reviewed the parties' citizenship, the Court finds complete diversity.

3

certainty that the claim is really for less than the jurisdictional amount," the plaintiff has not satisfied the amount-in-controversy requirement. *Fastcase, Inc., v. Lawriter, LLC*, 907 F.3d 1335, 1342 (11th Cir. 2018) (quoting *St. Paul*, 303 U.S. at 288). Second, where a plaintiff pleads an unspecified amount of damages but the declaratory judgment plaintiff cannot show "by a preponderance of the evidence that the claim on which jurisdiction is based exceeds the jurisdictional minimum," the plaintiff also has not satisfied the requirement. *Fastcase*, 907 F.3d at 1342 ("This additional requirement is 'warranted because there is simply no estimate of damages to which a court may defer.'" (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356–57 (11th Cir. 1996), *abrogated on other grounds by*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000))). The second caveat is relevant here, as the Amended Complaint pleads an unspecified amount of damages.[2] (Am. Compl. ¶ 14 (pleading merely that "the amount in controversy exceeds $75,000, exclusive of costs").)

The Defendants argue that the Plaintiffs have failed to show by a preponderance of the evidence that their claims meet the jurisdictional threshold. (Br. in Supp. of Defs.' Mot. to Dismiss, at 6 [Doc. 23].) According to

---

[2] *See Associated Indus. Ins. Co. v. Wilson's Pool Design, LLC*, 690 F. Supp. 3d 1338, 1340 (S.D. Ala. 2023) (noting that complaints that merely allege that the amount in controversy exceeds $75,000 plead an unspecified amount of damages).

4

the Defendants, the Plaintiffs cannot reach the jurisdictional threshold by way of their duty to indemnify (pay for covered losses) and duty to defend (pay for defense counsel in the underlying suit). The Defendants argue that the Plaintiffs cannot rely on the cost of indemnifying Magic City and Lusk to satisfy the jurisdictional threshold because (1) the Plaintiffs failed to provide a copy of the complaint from the underlying lawsuit, (*id.* at 5–6), and (2) the value of the underlying suit is zero for amount-in-controversy purposes since the Plaintiffs have not yet been held liable in the underlying lawsuit, (*id.* at 7–8). The Defendants additionally argue that the Plaintiffs cannot rely on the cost of defending the underlying suit to satisfy the jurisdictional threshold because they "have made no arguments and presented no evidence about what it would cost to" defend that suit. (*Id.* at 7.)

Here, the Plaintiffs have carried their burden of showing the amount in controversy exceeds $75,000, exclusive of interest and costs. The Court first addresses the Defendants' three primary Motion to Dismiss arguments, before ultimately assessing the pleadings and finding subject-matter jurisdiction.

First, the Plaintiffs' failure to attach a copy of the underlying complaint to the Amended Complaint is not fatal to their claims. The Defendants point to *Auto-Owners Insurance Company v. Scott*, 2009 WL 3011244 (M.D. Ga. Sept. 16, 2009), for the proposition that a party invoking federal jurisdiction based on an underlying lawsuit "must provide a document containing 'an

5

unambiguous statement that clearly establishes federal jurisdiction.'" *Id.* at *2 (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.63 (11th Cir. 2007)). Because the Plaintiffs did not attach a copy of the underlying lawsuit, the Defendants seek dismissal of the Amended Complaint. (Br. in Supp. of Defs.' Mot. to Dismiss, at 5–6.)

The Court is not persuaded by this argument and finds *Scott* inapposite. The case on which *Scott* relies, *Lowery v. Alabama Power Company*, 483 F.3d 1184 (11th Cir. 2007), merely states that a defendant *removing* a case to federal court must provide "an unambiguous statement that clearly establishes federal jurisdiction." *Id.* at 1213 n.63. The relevant part is as follows:

> Under the first paragraph of § 1446(b), a case may be removed on the face of the complaint if the plaintiff has alleged facts sufficient to establish the jurisdictional requirements. Under the second paragraph, a case becomes removable when three conditions are present: [list of the conditions] . . . . Under either paragraph, the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction.

*Id.* It does not follow from *Lowery* that the Plaintiffs' Amended Complaint must be dismissed for failure to attach the underlying complaint. And this Court is unaware of any other case that holds as much. Rather, the Eleventh Circuit has clarified that "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010).

6

Nonetheless, the Plaintiffs have now attached a copy of the underlying complaint to their response brief. (Pls.' Resp. Br. in Opp'n to Defs.' Mot. to Dismiss, Ex. A,[3] at 5–9 [Doc. 25-1].) The underlying complaint alleges one count of negligence and seeks, among other things, compensatory and punitive damages for Carver's wrongful death. (*Id.* at 8.) Courts ordinarily cannot consider a document outside the pleadings on a motion to dismiss. FED. R. CIV. P. 12(d). However, the Eleventh Circuit has held that courts may do so if the document is "(1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024). Here, the underlying complaint is obviously central to the Plaintiffs' claims, and neither party disputes its authenticity. The Court therefore considers the underlying complaint, though it would reach the same conclusion if it did not.

Second, it does not matter that the underlying suit is still pending.[4] As

---

[3] The pagination of Exhibit A reflects the pagination of the PDF document.

[4] The Defendants also argue that this case should be independently dismissed on ripeness grounds because the underlying suit is still pending. (Br. in Supp. of Defs.' Mot. to Dismiss, at 9.) The Court declines to do so. The United States Supreme Court and the Eleventh Circuit have found declaratory judgment actions between an insurer and insured ripe even when the underlying suit was pending. *See Allstate Vehicle & Prop. Ins. Co. v. Jawanda*, 728 F. Supp. 3d 1246, 1249–52 (N.D. Ga. 2024) (considering the same issue, and reviewing Supreme Court and Eleventh Circuit precedent). Thus, the ripeness of this case is not changed by the pending nature of the underlying suit.

mentioned above, the amount of controversy in a declaratory judgment action is "the value of the object of the litigation measured from the plaintiff's perspective." *Federated Mut. Ins.*, 329 F.3d at 507 (quoting *Cohen*, 204 F.3d at 1077). In the context of a plaintiff-insurer seeking a declaration of noncoverage, "the value of the declaratory relief . . . is the amount of *potential* liability under its policy." *First Mercury Ins. Co. v. Excellent Computing Distribs., Inc.*, 648 F. App'x 861, 864–65 (11th Cir. 2016) (per curiam) (citing *Stonewall Ins. Co. v. Lopez*, 544 F.2d 198, 199 (5th Cir. 1976)); *see also Fastcase*, 907 F.3d at 1343–44 (holding that the amount in controversy may be satisfied by the liability that a plaintiff may face in the future). This "potential liability" includes the value of a pending underlying suit. *First Mercury*, .648 F. App'x at 865 (holding that the plaintiff-insurer satisfied the amount-in-controversy requirement based on the potential damages that it faced in a pending underlying suit).

Third, although the Plaintiffs do not plead facts related to the potential costs of defending the insured in the underlying suit, they have submitted an affidavit from their "Field Claims Rep[resentative]" regarding the potential cost of the trial. (Tonnis Aff. ¶ 5 [Doc. 25-3].) The Defendants did not file a reply brief or otherwise respond to this affidavit.

Now, having found the Defendants' three arguments non-dispositive, the Court turns to its own analysis of the amount in controversy and holds that the Plaintiffs claims exceed $75,000 by a preponderance of the evidence. The

8

Court bases its reasoning on the Plaintiffs' potential liability from their duty to indemnify alone, though it is clear that adding the costs of defending the underlying suit make it only more likely that the jurisdictional threshold is met. The underlying complaint concerns an alleged wrongful death, and the Plaintiffs face potential liability for that wrongful death. In Georgia, plaintiffs in a wrongful death action may recover "the decedent's expected earnings, or the value of the decedent's services, from the date of the decedent's tortiously-caused premature death to the statistically-projected date of the decedent's natural death, plus an intangible element representing the full value of the life of the decedent." *Canal Ins. Co. v. Williams*, 2013 WL 12241276, at \*3 (S.D. Ga. Jan. 18, 2013) (quoting *Wesley Chapel Foot & Ankle Ctr., LLC v. Johnson*, 286 Ga. App. 881, 886 n.6 (2007)). Given the extent of the potential damages available and that the decedent appears to have been a working-age man, this Court's "judicial experience and common sense" dictate that the Plaintiffs satisfy the $75,000 threshold.[5] *See id.* at \*3 (holding the same, in considering a wrongful death action in Georgia where the decedent was a minor); *Roe*, 613 F.3d at 1065–66 (holding the same, in considering a wrongful death action

---

[5] The Plaintiffs also point to the fact that the relevant insurance policies have limits of $1 million per occurrence to suggest that their potential liability exceeds $75,000. But the Court declines to consider the total value of the insurance policies at this time. *Allstate*, 728 F. Supp. 3d at 1254 (deciding the same). The Plaintiffs have not explained or cited authority as to why the policy maximums dictate whether this particular dispute will exceed $75,000.

9

under Alabama's Wrongful Death Act). The Plaintiffs have thus established subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a), and the Court denies the Defendants' Motion to Dismiss.

## IV.   Conclusion

For the reasons set forth above, Defendants Wanda Carver and Jason Van Meter's Motion to Dismiss [Doc. 23] is DENIED.

SO ORDERED, this   29th   day of July, 2025.

                                              THOMAS W. THRASH, JR.
                                              United States District Judge